[This decision has been published in *Ohio Official Reports* at 96 Ohio St.3d 21.]

OFFICE OF DISCIPLINARY COUNSEL *v*. MCCORD.

[Cite as *Disciplinary Counsel v. McCord*, 2002-Ohio-2587.]

*Attorneys at law—Misconduct—Six-month suspension with entire sanction stayed on condition that attorney make full restitution to client—Engaging in conduct prejudicial to the administration of justice—Engaging in conduct adversely reflecting on fitness to practice law—Failing to promptly deliver funds or property to which the client is entitled.*

(No. 2001-2201—Submitted March 26, 2002—Decided June 19, 2002.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 01-18.

————————————

**Per Curiam.**

{¶1} In October 1998, Geraldine Flenoury paid $1,500 to respondent, Michael McCord of Columbus, Ohio, Attorney Registration No. 0020304, and turned over some files to him for review. Flenoury and respondent had no written fee agreement and the facts about the engagement are disputed. Flenoury thought that respondent was going to sue her previous workers' compensation lawyer for malpractice. Respondent testified that he told Flenoury that the $1,500 was an "investigation fee" to look into the case.

{¶2} Flenoury said that after she paid respondent $1,500, she was unable to contact him until December 14, 1998, when he called and told her that she had no viable cause of action. Flenoury said that at that time she asked that the $1,500 be returned. On December 20, 1998, respondent wrote a detailed letter to Flenoury confirming his opinion of December 14, 1998, that she had no cause of action.

{¶3} Seeking a return of her money, Flenoury filed a fee arbitration request with the Columbus Bar Association in February 1999. At the hearing, respondent

estimated that he had expended twelve hours of time examining Flenoury's case, but he had not itemized his time except for notes he kept on a notepad. The arbitrator found that the kind of work for which respondent was engaged is usually handled on a contingent-fee basis, that a contingent-fee contract must be in writing, that there was no written contract between Flenoury and respondent, and that respondent was not entitled to any fee. Respondent did not appeal the arbitration award. When respondent had not paid the award by August 2, 1999, the chairman of the arbitration committee contacted respondent. Respondent said that he would not voluntarily pay the award and that Flenoury would have to sue him for it.

{¶4} In September 1999, Flenoury sued respondent in the Warren Municipal Court. Respondent did not appear, and in October 1999, the court awarded Flenoury a default judgment in the sum of $1,500 plus interest and costs. Respondent did not pay the judgment. Flenoury then filed a grievance with the Columbus Bar Association, which in April 2000, informed her that it would dismiss her grievance because it involved a collection problem and not a disciplinary matter. In February 2001, Flenoury filed the Warren court judgment in the Franklin County Municipal Court.

{¶5} Flenoury then filed a grievance with relator, Disciplinary Counsel. On June 25, 2001, relator filed an amended complaint charging that respondent's failure to refund the unused portion of the fee paid to him by Flenoury violated the Code of Professional Responsibility. Respondent answered, and the matter was referred to a panel of the Board of Commissioners on Grievances and Discipline of the Supreme Court.

{¶6} Based on stipulations and evidence received at a hearing, the panel found the facts as stated above. It also found that although respondent admitted that he was bound by the arbitration process, he did not refund the $1,500 because the arbitrator did not give him any compensation for the effort he put into

2

Flenoury's case. Respondent said that to return the money would be to admit that he did nothing in the case.

{¶7} The panel concluded that respondent's conduct violated DR 1-102(A)(5) (a lawyer shall not engage in conduct prejudicial to the administration of justice), 1-102(A)(6) (a lawyer shall not engage in conduct adversely reflecting on the lawyer's fitness to practice law) and 9-102(B)(4) (a lawyer shall promptly deliver to the client funds or property to which the client is entitled). Noting that in 24 years of practice respondent has never before been the subject of a grievance, while also considering respondent's refusal to acknowledge that this disciplinary action was more than merely a fee dispute, the panel recommended that respondent be suspended from the practice of law for six months with the entire suspension stayed on condition that respondent pay Flenoury $1,500 plus interest. The board adopted the findings and conclusions of the panel but, in light of respondent's lack of remorse, the board recommended that he be suspended from the practice of law for six months with no stay.

{¶8} We have thoroughly examined the record in this case and adopt the findings of the board. Although we agree that the matter between respondent and Flenoury began as a fee dispute, it has clearly gone beyond that, at least since the arbitration award. We will not inquire into the correctness of the arbitrator's award. Respondent was bound by that award, and his persistence in refusing to pay reflects adversely on the bar. We conclude that by not paying the award after the appeal time had expired for that award and after the judgment in the Warren Municipal Court, respondent violated DR 1-102(A)(5), 1-102(A)(6), and 9-102(B)(4).

{¶9} Respondent is hereby suspended from the practice of law for six months with the entire six months stayed, provided that within 14 days from the announcement of this opinion he make full restitution to Flenoury. Failure to pay Flenoury the sum of $1,500 with statutory interest from the date of the arbitration award at the rate of ten percent per annum and court costs within the 14 days shall

result in full imposition of the suspension from the practice of law.  Costs are taxed to respondent.

Judgment accordingly.

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

_____

Jonathan E. Coughlan, Disciplinary Counsel, and Lori J. Brown, First Assistant Disciplinary Counsel, for relator.

Michael M. McCord, pro se.

_____